## 4727.  REESE v. THE STATE.

The gist of the offense defined in section 715 of the Penal Code is the failure to perform the services required by the contract, and failure to return to the hirer the consideration advanced on the faith of the contract. Hence, where one contracts to perform certain services for a partnership composed of two persons, and, before the time arrives for performance to begin, the partnership is dissolved, the person contracting to perform the services can not be convicted upon proof that he failed or refused to perform the services for one of the partners.
DECIDED APRIL 16, 1913.

Accusation of cheating and swindling; from city court of Leesburg—Judge Long.  January 25, 1913.

*Ware G. Martin,* for plaintiff in error.

*James B. Hoyl, solicitor,* contra.

POTTLE, J.  Criminal laws are construed strictly against the State.  Before one can be convicted under section 715 of the Penal Code, known as the "labor-contract law," it must appear that he obtained money or other thing of value with fraudulent intent, that he failed to perform the services required by the contract, and that he failed to return to the hirer the consideration advanced on the faith of the contract.  In the present case the contract was made with a partnership composed of two persons.  Performance of the services required by the contract was to begin about thirty days after the contract was made.  Before the time arrived for the performance to begin the partnership was dissolved.  The accused was convicted because he failed to go to work for one of the partners, and failed to return to either of the partners the money advanced by the partnership.  Performance of the contract was made impossible by the act of the hirer.  By dissolution the partnership was dead.  When the time for performance arrived, the partnership as a legal entity no longer existed.  The engagement of the accused was to work for the partnership.  Performance of the letter of his contract was impossible, and was rendered so by no act of his own. The accused is, of course, civilly liable to the persons who composed

the partnership, for the money which was advanced to him; but having contracted to work for a partnership, he can not be convicted upon proof that he failed to work for one of the partners as an individual after the partnership had been dissolved. There are other points made in the brief of counsel for the plaintiff in error, but it is not necessary to consider them.      *Judgment reversed.*